**Kenneth Ray GRADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60102.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 29, 1981.

Randy Schaffer, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Candy Elizondo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of aggravated robbery. Because of a prior felony conviction, punishment was enhanced to twenty-five years.

Appellant initially contends fundamental error occurred in the court's charge when it allowed a conviction on a set of facts not alleged in the indictment. The indictment alleged, in pertinent part, that appellant:

"... while in the course of committing theft of property owned by LOUISE

COPE, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

In the application of the law to the facts, the charge authorized the jury:

"Therefore, if you believe from the evidence beyond a reasonable doubt that Louise Cope was the owner of the property, to wit: money; and that the defendant, Kenneth Ray Grady, in Harris County, Texas, on or about September 12, 1977, while in the course of committing theft from the said Louise Cope, and with intent to obtain and maintain control of said property, intentionally or knowingly threatened or placed the said owner in fear of imminent bodily injury or death and used or exhibited a deadly weapon, to wit; a pistol, you will find the defendant guilty of aggravated robbery."

Contrary to appellant's contention, the charge's specification of the nature of the stolen property does not include facts not alleged in the indictment. The charge simply requires the State to prove its facts with more particularity. Neither does this allegation require a diminution of the State's burden of proof. Compare *Bridges v. State*, 574 S.W.2d 143 (Tex.Cr.App.1978). The specification of the property was not error.

Moreover, appellant did not object or request another instruction. Articles 36.-14, 36.15, and 36.16, V.A.C.C.P. Article 36.-19, V.A.C.C.P., reads:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

Since the charge was not calculated to injure appellant's rights or prevent a fair and impartial trial, the failure to object to the charge waived any possible error. The ground of error is overruled.

Appellant also contends there was fundamental error in the charge because the charge, in the abstract instructions, allowed the jury to consider a theory not alleged in the indictment. In the abstract charge, the court defined aggravated robbery:

"... if the person committing robbery causes serious bodily injury to another or he uses or exhibits a deadly weapon in committing robbery." (Emphasis added)

However, in applying the law to the facts (as set out previously), the court properly applied the law as alleged in the indictment.

In *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977), this Court held that abstract statements of the law that go beyond the allegations in the indictment will not present reversible error when the court's application of the law to the facts effectively restricts the jury's deliberation to the allegations in the indictment. Accord: *Sandig v. State*, 580 S.W.2d 584 (Tex.Cr.App.1979); *Grudzien v. State*, 493 S.W.2d 827 (Tex.Cr.App.1973). The charge before us, in the application of the law to the facts, unequivocally restricts the jury's consideration to only those allegations contained in the indictment. No error is shown.

The judgment is affirmed.