Affirmed and Memorandum Opinion filed June 24, 2004









Affirmed and Memorandum Opinion filed June 24, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00432-CR

____________

 

RAY ANTHONY
GRANADOS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 930,445

 



 

M E M O R A N D U M  O P I N I O N

Appellant Ray Anthony Granados was
convicted by a jury of burglary of a habitation and, after pleading true to two
enhancement paragraphs, sentenced to seventy years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See Tex.
Penal Code Ann. '' 30.02(a)(1), (d), 12.32, 12.42(d) (Vernon
2003).  On appeal, appellant challenges
his conviction by five points of error. 
We affirm.

 

 








I.        Legal Sufficiency of the Evidence

In his first point of error, appellant
contends the evidence is legally insufficient to prove that at the time he
entered the complainant=s house, he possessed the requisite intent
to commit an assault.  Appellant was indicted
for burglary of a habitation with intent to commit an assault, which is defined
in Texas Penal Code section 30.02, subsection (a)(1), as follows: AA person commits
an offense if, without the effective consent of the owner, the person: (1)
enters a habitation, or a building (or any portion of a building) not then open
to the public, with intent to commit a felony, theft, or an assault.@  Tex.
Pen. Code Ann. ' 30.02(a)(1) (Vernon 2003).  Appellant claims there was little or no
evidence of his intent at the time of entry. 


When reviewing the legal sufficiency of
the evidence, we view all of the evidence in a light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The jury is the sole judge of
the credibility of the witnesses, and chooses whether to believe or disbelieve
all or part of a witness=s testimony.  Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).  Thus, if there is
evidence that establishes guilt beyond a reasonable doubt, and the jury
believes that evidence, we are not authorized to reverse the judgment on
sufficiency of the evidence grounds.  McGee
v. State, 923 S.W.2d 605, 608 (Tex. App.CHouston [1st
Dist.] 1995, no pet.) (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988)).  








Three witnesses testified regarding
appellant=s intent at the time of entry: Robert
Baca, the complainant; Jacalyn Kiser, Baca=s girlfriend; and
appellant.  Baca testified that on the
night of the incident, he and Kiser were at a barbeque at Kiser=s aunt=s house, and they
did not return home until approximately 1:00 a.m.  Baca and Kiser then drove to the convenience
store located approximately three to four blocks away to purchase cigarettes.  After returning home from the store, there
was a knock at the door.  Baca answered
the door, but before he was able to identify who was at the door, appellant hit
him in the face.  Baca testified
appellant was yelling Ayou stole my drugs@ as he continued
to assault him.  Kiser=s testimony is
substantially similar to Baca=s.  Kiser testified she was in the bedroom when
she heard appellant yell Ayou stole my drugs.@ After seeing
appellant charge toward Baca, she sprayed appellant with pepper spray and
retreated to the bathroom.  Baca was
transported by ambulance to the emergency room, where he was treated for four
fractures to the face and injuries to his throat. 

Appellant=s version of the
events is significantly different. 
Appellant testified he had been suppling cocaine to Kiser for about two
years, and on the night of the incident, Kiser owed him forty dollars for
cocaine he had given her earlier that evening. 
Appellant claims he and Baca began arguing in a nearby street about the
money, and, in order to keep from drawing attention, appellant decided to run
to Baca=s house.  Upon arriving at Baca=s house, appellant
opened the unlocked door and waited inside for Baca to arrive so that he could
collect his money.  Appellant testified
he and Baca started fighting about thirty minutes after Baca returned
home.  

Intent, as an essential element of the
offense of burglary, must be proved by the State beyond a reasonable doubt, and
cannot be left simply to speculation and surmise.  LaPoint v. State, 750 S.W.2d 180, 182
(Tex. Crim. App. 1986); Coleman v. State, 832 S.W.2d 409, 413 (Tex. App.CHouston [1st Dist.]
1992, pet. ref=d). 
Because intent is a fact question for the jury, it may be inferred from
the surrounding circumstances.  LaPoint,
750 S.W.2d at 182.  Additionally, mental
culpability is of such a nature that it generally must be inferred from the
circumstances under which a prohibited act or omission occurs.  Moore v.  State, 969 S.W.2d 4, 10 (Tex. Crim.
App. 1998).  








The intent to commit a felony or an
assault must exist at the time of and accompany the entry into the
habitation.  Coleman, 832 S.W.2d
at 413.  If the intent to commit the
assault is formed after the entry, the crime of burglary has not been
established.  Id.  However, the jury is exclusively empowered to
determine the issue of intent, and the events of a burglary may imply the
intent with which the burglar entered the habitation.  Id. 
Under Texas Penal Code section 30.02, subsection (a)(1), the State is
not required to prove an assault occurred. 
Jacob v. State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995).  Rather, the State must show only that the
defendant intended to commit such assault. 
Id.

In this case, a rational jury could have
found beyond a reasonable doubt appellant entered Baca=s home with the
intent to commit an assault.  Macri v.
State, 12 S.W.3d 505, 507 (Tex. App.CSan Antonio 1999,
pet. ref=d) (Areconciliation of
conflicts in the evidence is within the exclusive province of the jury@).  The jury obviously believed Baca=s and Kiser=s testimony
regarding appellant=s assaultive conduct immediately after he
entered Baca=s home. 
Relying on this testimony, a rational jury could infer appellant=s intent to commit
an assault existed at the time of and accompanied the unlawful entry into Baca=s home.  Inasmuch as the evidence is legally
sufficient to support the jury=s implied finding
that appellant had the requisite intent upon entry into Baca=s home, and this
is the only element challenged on appeal, the evidence is legally sufficient to
support the jury=s verdict of guilt.  We overrule appellant=s first point of
error.  

II.       Jury Charge

In his second point of error, appellant
alleges the trial court erred in including a Aknowingly@ instruction in
the jury charge=s definition of assault because the
indictment required the State to prove appellant intended to commit an
assault.[1]  We disagree and hold there was no error in
the charge.  








When reviewing a charge for alleged error,
we must examine the charge as a whole, considering the relationship between the
abstract or definitional paragraphs and the application paragraphs.  Caldwell v. State, 971 S.W.2d 663, 666
(Tex. App.CDallas 1998, pet. ref=d).  It is the function of the charge to lead the
jury and to prevent confusion.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  However, abstract statements of the law that
go beyond the allegations in the indictment will not present reversible error
when the court=s application of the law to the facts
effectively restricts the jury=s deliberation to
the allegations in the indictment.  Grady
v. State, 614 S.W.2d 830, 831 (Tex. Crim. App. 1981) (finding no error
because application paragraph properly applied the law as alleged in the
indictment, even though surplus words were contained in abstract portion of
charge).  The abstract paragraphs serve
as a glossary to help the jury understand the terms used in the application
paragraphs of the jury charge.  Id.  

In this case, the relevant application paragraph of the
jury charge is as follows:

Now, if you find from the evidence
beyond a reasonable doubt that on or about the 14th day of October, 2002, in
Harris County, Texas, the defendant, Ray Anthony Granados, did then and there
unlawfully, with intent to commit an assault enter a habitation owned by Robert
Baca, a person having a greater right to possession of the habitation than the
defendant, without the effective consent of Robert Baca, namely, without any
consent of any kind, then you will find the defendant guilty as charged in the
indictment.

The abstract portion of the jury charge included
definitions for the relevant terms included in the application paragraph,
including the definition of assault.  The
charge defined assault according to Texas Penal Code section 22.01 as either
(1) intentionally or knowingly causing bodily injury to another; or (2)
intentionally or knowingly threatening another with imminent bodily
injury.  See Tex. Pen. Code Ann. ' 22.01(a) (Vernon
2003).  After defining assault, the
charge set forth the definitions of Aintentionally@ and Aknowingly.@  However, the application paragraph authorized
the jury to convict only if it found appellant unlawfully entered the
habitation with the intent to commit an assault, the same requirement found in
the indictment.  Thus, the jury could
convict only if it found all and only those elements necessary for a
conviction.  See Lewis v. State,
815 S.W.2d 560, 562 (Tex. Crim. App. 1991). 









In this case, the definitional paragraph
defined two of the culpable mental states for assault, intentionally and
knowingly.  By including the definition
of the latter, the charge referred to a mental state of a lesser degree than
intentional, the culpable mental state for burglary under Texas Penal Code
section 30.02, subsection (a)(1).  See
Tex. Pen. Code Ann. ' 6.02(d) (Vernon
2003).  However, both the indictment, and
the application paragraph in the jury charge referred only to appellant=s intent to
commit an assault.  Additionally, both
appellant=s counsel and the State argued the proper
mens rea of intent during closing arguments. 


The application paragraph, which tracked
the indictment and the penal code, used only an Aintentionally@ mens rea; thus,
the jury was not permitted to convict appellant on a lesser mens rea of Aknowingly.@  See Lewis, 815 S.W.2d at 562.  Because the application paragraph restricted
the jury=s consideration to
the correct culpable mental state, no error is shown.  Reading the charge as a whole, we find it was
not confusing so as to mislead the jury. 
In the absence of any error in the charge, appellant=s second point of
error is overruled.  

III.      Motion for Continuance

In his third point of error, appellant
alleges the trial court erred in denying his motion for continuance.  Appellant=s counsel moved
for a continuance immediately before opening statements, claiming appellant had
just informed him moments before of two additional witnesses, known only by a
first name, needed to confirm appellant=s version of
events.  Appellant claims that because he
satisfied the requirements of article 29.06 of the Texas Code of Criminal
Procedure and the trial court denied the motion without explanation, the trial
court must have abused its discretion because there Awere no guiding
rules or principles evident in the trial court=s decision.@  








Appellant, however, failed to comply with
articles 29.03 and 29.08 of the Texas Code of Criminal Procedure, which require
all motions for continuance to be in writing and sworn by a person having
personal knowledge of the facts.  Tex. Code Crim. Proc. Ann. art. 29.03,
29.08 (Vernon 1989); Woodall v. State, 77 S.W.3d 388, 401 (Tex. App.CFort Worth 2002,
pet. ref=d).  A motion for continuance not in writing and
not sworn preserves nothing for review.  Dewberry
v. State, 4 S.W.3d 735, 755B56 (Tex. Crim.
App. 1999).  Here, appellant=s motion is
neither written nor sworn; therefore, nothing is presented for our review.  Appellant=s third point of
error is overruled.  

IV.      Jury Arguments

In his final two points of error,
appellant contends his conviction should be reversed because the prosecutor=s jury arguments
were improper.  In order to preserve such
a complaint for review, the party must show he timely objected and pursued his
objection to an adverse ruling.  Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  A[A] defendant=s failure to
object to a jury argument or a defendant=s failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal.@  Id. 
When complaining about improper jury argument, the proper method of
pursuing an objection to an adverse ruling is to (1) object, (2) request an
instruction to disregard, and (3) move for a mistrial.  Sawyers v. State, 724 S.W.2d 24, 38
(Tex. Crim. App. 1986), overruled on other grounds by Watson v. State,
762 S.W.2d 591, 599 (Tex. Crim. App. 1988). 
If the trial court sustains the objection, the party must request an
instruction if an instruction to disregard could cure the prejudice from the
improper argument.  McGinn v. State,
961 S.W.2d 161, 165 (Tex. Crim. App. 1998). 
Thus, to preserve error, the objection must be pressed to the point of
obtaining an adverse ruling, whether that is a ruling on the objection, the
request that the jury be instructed to disregard, or the motion for
mistrial.  Cooks v. State, 844
S.W.2d 697, 727B28 (Tex. Crim. App. 1992); Campos v.
State, 946 S.W.2d 414, 417 (Tex. App.CHouston [14th
Dist.] 1997, no writ).

Appellant complains of two statements made
by the prosecutor, one during closing argument at the guilt/innocence phase of
trial and one during closing argument at the punishment phase of trial.  Appellant complains of the following
arguments made by the prosecutor during the guilt/innocence phase of trial:








Prosecutor:            When you go back to your jobs and
this is all over with and you=re talking to somebody, one of your co-workers, hey, where
you been the past day or two.  I was on
jury duty.  What kind of case was
it?  Burglary with intent to commit
assault.  What if you find him not
guilty?

Defense
Counsel:   Objection what the co-workers
might think of their verdict, Your Honor.

The Court:             That=s sustained.

The trial court sustained appellant=s objection;
therefore, appellant was granted all the relief he requested.  Because appellant failed to pursue his
objection to an adverse ruling, any alleged error made by the prosecutor during
closing arguments at the guilt/innocence phase of trial is waived.  Cockrell, 933 S.W.2d at 89.

          Appellant also complains of improper
prosecutorial arguments made during the punishment phase of trial.  Specifically, appellant complains of the
following:

Prosecutor:            [Complainant] is okay now.  He=s going to go on. 
But what about the next person? 
What about the person after that? 
Because you know that Mr. Granados will be back.

Defense
Counsel:   That=s outside the record, Your
Honor.  I object to it.

The Court:             All right.  That objection is sustained.

Defense
Counsel:   Would you instruct the jury to
disregard?

The Court:             Don=t consider the last remark for any
purpose, ladies and gentlemen.  

An instruction to disregard will normally cure any
error, and we presume the jury complied with the instruction.  Wesbrook v. State, 29 S.W.3d 103, 116
(Tex. Crim. App. 2000) (en banc).  Here,
appellant=s objection was sustained and the trial
court instructed the jury to disregard the statement.  Appellant has no basis for a complaint on
appeal because the trial court granted appellant all the relief he
requested.  In order to preserve such an
issue, appellant was required to press his objection to an adverse ruling;
however, because appellant did not request a mistrial, this issue has not been
preserved for review.  Cockrell,
933 S.W.2d at 89.  








Accordingly, we overrule appellant=s fourth and fifth
points of error.

Having overruled all of appellant points
of error, we affirm the judgment of the trial court.  

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 24, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The indictment
provides:

 

...RAY
ANTHONY GRANADOS, hereafter styled the Defendant, heretofore on or about
October 14, 2002, did then and there unlawfully, with intent to commit ASSAULT
enter a habitation owned by ROBERT BACA, a person having a greater right to
possession of the habitation than the defendant and hereafter styled the
Complainant, without the effective consent of the Complainant, namely, without
any consent of any kind.