NUMBER
13-04-143-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ROY TREJO,                                                           Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 117th District Court

                           of
Nueces County, Texas.

___________________________________________________  _______________

 

                    Memorandum Opinion[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Roy
Trejo, was charged with the offense of burglary of a habitation with the
commission or attempted commission of assault. 
See Tex. Pen. Code Ann. ' 30.02(a)(3), (c)(2) (Vernon 2003) (providing that a
person commits burglary if, without the effective consent of the owner, the
person enters a habitation and commits or attempts to commit an assault).  Following a jury trial in which appellant
represented himself,[2]
appellant was found guilty of the offense charged.  Appellant pleaded true to the habitual felony
offender enhancement, and the trial court assessed punishment at thirty years
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court has certified
that this case "is not a plea bargain case, and the defendant has the
right of appeal."  See Tex. R. App. P. 25.2(a)(2).  By three issues, appellant complains that (1)
the jury charge was erroneous and resulted in egregious harm, (2) the evidence
is factually insufficient to support his conviction, and (3) the judgment should
be reformed to indicate a conviction for a second degree felony rather than a
first degree felony.  We affirm the
judgment as reformed.

I.  Analysis

A.  Charge Error

In his first
issue, appellant contends that he was egregiously harmed when the trial court
charged the jury with an abstract definition of the "reckless" mental
state.  Appellant contends that, because
the trial court gave this abstract definition, the jury was improperly
permitted to find him guilty of burglary for an entry that was made
"recklessly" instead  of
"intentionally or knowingly."








Appellant,
however, was charged with the offense of burglary of a habitation with the
commission of or attempted commission of assault.  The abstract definition of
"reckless" was included in the charge immediately preceding the
abstract statement of law setting out that "[a] person commits an offense
of assault if the person intentionally, knowingly OR recklessly causes bodily injury
to another."  See Tex. Pen. Code Ann. ' 22.01(a)(1) (Vernon Supp. 2004-05).  It was necessary, therefore, for a definition
of "reckless" to be given so that the jury could determine whether
appellant committed or attempted to commit an assault, a necessary element of
the charged offense.  Thus, we conclude
there was no error in including the mental state of recklessness in the charge.








Furthermore, if
we were to conclude error, we would also conclude it was harmless.  Appellant did not object to the charge;
therefore, he must establish that he suffered egregious harm from the claimed
error.  See Arline v. State, 721
S.W.2d 348, 351 (Tex. Crim. App. 1986) (en banc); Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc).  Appellant argues that the inclusion of the
definition for "recklessness" allowed the jury to convict him of
entering the home on proof of a mere mental state of reckless rather than the
intentional or knowing entry required by the indictment.  However, in this case, the application
paragraph stated that "[t]he State must prove that the Defendant
intentionally or knowingly entered the habitation without the owner's consent .
. . ."  Thus, the jury could only
convict appellant if it found he knowingly or intentionally committed the
offense of burglary of a habitation.  It
is well settled that even if there is error in an abstract definition or in an
abstract statement of the law that goes beyond the allegations of the indictment,
there is no egregious harm if the application paragraph, as in this case,
correctly instructs the jury and so restricts the jury to the allegations in
the indictment.  Medina v. State,
7 S.W.3d 633, 640 (Tex. Crim. App. 1999); Grady v. State, 614 S.W.2d
830, 831 (Tex. Crim. App. 1981). 
Accordingly, we conclude that the giving of the definition of the
"reckless" mental state was not error, and even were we to conclude
error, appellant has failed to demonstrate egregious harm.

Additionally,
appellant complains of a portion of the prosecutor's argument wherein she
stated, "[o]bviously, in this case, [appellant] was reckless in
entering."  However, appellant
failed to object to the this argument at trial. 
"[A] defendant's failure to object to a jury argument or a
defendant's failure to pursue to an adverse ruling his objection to a jury
argument forfeits his right to complain about the argument on
appeal."  Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
Based on the foregoing, we conclude appellant forfeited his right to
complain about the prosecutor's argument.

Appellant's first
issue is overruled.

B.  Factual Sufficiency








By his second
issue, appellant contends that the evidence is factually insufficient to
support his conviction.  Specifically,
appellant challenges the factual sufficiency of the evidence to prove the
element of assault or attempted commission of assault and argues that even if
there is some evidence supporting guilt as to that element, it is outweighed by
contrary proof.

The sole question
to be answered in a factual sufficiency review is whether, considering all of
the evidence in a neutral light, a jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004); see Cain v. State,
958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (providing that the reviewing court,
in performing a factual sufficiency review, is required to give deference to
the fact finder and examine all evidence impartially).  There are two ways in which the evidence may
be factually insufficient.  The first is
where the evidence supporting the conviction is itself too weak, standing
alone, to support the finding of guilt beyond a reasonable doubt.  Zuniga, 144 S.W.3d at 484.  The second is where the evidence contrary to
the verdict is so strong that the "beyond-a-reasonable-doubt" burden
could not have been met.  Id. at
484-85.  Unless the available record
clearly reveals a different result is warranted, a reviewing court must defer
to the fact finder's determination concerning the weight to be given
contradictory testimonial evidence.  Johnson
v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000) (en banc).  A court of appeals may not reverse a fact
finder's decision simply because it disagrees with the result; the appellate
court must defer to such findings, and may find the evidence factually
insufficient only where necessary to prevent manifest injustice.  Cain, 958 S.W.2d at 407.








The first victim
to testify in this case stated that she was hit in the heel by the door when
appellant kicked the door as he entered the home.  See Tex.
Pen. Code Ann. ' 30.02(b)(1) (Vernon 2003) (defining
"enter" under the burglary of a habitation statute as including the
intrusion of any part of the body).  The
victim also testified that after she locked herself in her mother's bedroom,
she was scared and feared that appellant would hurt her with whatever he had in
his hand.  The victim testified that
appellant was yelling at her and demanding that she come out of the room.  She was afraid that appellant would break
into the room and injure her or take her somewhere.

The second
victim, who was also in the house, testified that she was afraid of whoever was
kicking in the door and that she became ill with pain, a rapid heart beat and
breathing difficulty.  See id. ' 1.07(a)(8) (defining "bodily injury" as
physical pain, illness, or any impairment of physical condition).  Although the record is not clear as to when
this illness began, it is clear that she was afraid throughout the
incident.  Additionally, one of the officers
testified that when he arrived and contacted her, she was "having difficulty
breathing at that time and she had her hands to her chest."








Appellant urges,
however, that while the first victim testified about being afraid, it is
unclear whether those feelings had to do with fear before or after appellant
entered the residence.  He also notes
that any evidence of actual injury to this victim had to do with the door
clipping her in the heal of her foot when appellant allegedly kicked down the
door leading into the house.  As to the
second victim, appellant acknowledges that at some point she had pain, rapid
heartbeat, and difficulty breathing, but did not go to the hospital that day
and apparently did not see a doctor for several days.  Additionally, appellant points us to the testimony
of the first victim's brother who testified that appellant did cut himself with
a small, knifelike razor and simply laid down on a bed until police arrived.

Considering this
evidence in a neutral light and giving deference to the fact finder, we
conclude a jury could be rationally justified in finding appellant guilty of
burglary of a habitation with the commission or attempted commission of
assault.  The evidence supporting the
conviction is itself not too weak, standing alone, to support the finding of
guilt beyond a reasonable doubt and is not outweighed by contrary proof, as
appellant contends.  See Zuniga,
144 S.W.3d at 484; Cain, 958 S.W.2d at 410.  Thus, we conclude the evidence is factually
sufficient and overrule appellant's second issue.

C.  Reformation of Judgment

Appellant's third
issue asserts that the judgment improperly reflects a conviction for a
first-degree felony burglary of a habitation rather than a second degree felony
burglary of a habitation with the commission or attempted commission of assault
as was found by the jury.  The State
concurs.








A burglary of a
habitation with the commission or attempted commission of a simple assault is a
second degree felony.  See Tex. Pen. Code Ann. ' 30.02(a)(3), (c)(2) (Vernon 2003) (providing that
burglary of a habitation is a second degree felony); cf. Tex. Pen. Code Ann. ' 30.02(a)(3), (d)(2) (Vernon 2003) (making burglary
of a habitation with the commission or attempted commission of a felony, other
than felony theft, i.e., aggravated assault, a first degree offense).  Although the jury found appellant guilty of
burglary of a habitation with the commission or attempted commission of
assault, not aggravated assault, the judgment in the present case nevertheless
reflects a conviction for a first degree felony burglary of a habitation.

Because we have
the necessary data and evidence before us for reformation, we conclude that the
judgment of the trial court should be reformed. 
See Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App.
1986).  Accordingly, we sustain
appellant's third issue.[3]

II.  Conclusion

Accordingly, we
reform the trial court judgment to reflect a conviction for a second degree
felony, and we affirm the judgment as reformed.                                                    

NELDA
V. RODRIGUEZ

Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 4th day of
August, 2005.











[1]All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts in this memorandum opinion, except as necessary to advise the parties of
the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.





[2]The trial court appointed an
attorney who was present during the trial for consultation and advice.





[3]We note that, after pleading true
to the habitual felony offender allegations, appellant was sentenced within a
punishment range of not less than twenty-five years and not greater than
ninety-nine years.  See Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp.
2004-05).  This portion of the judgment
is not in dispute.