

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00043-CR

**BRENT LYNN CHRISTIAN,**

                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                  **Appellee**

---

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR14779**

---

## MEMORANDUM  OPINION

---

In one issue, appellant, Brent Lynn Christian, challenges his conviction for retaliation. *See* TEX. PENAL CODE ANN. § 36.06(a) (West 2011). Specifically, Christian complains that the jury charge improperly defined the culpable mental states for retaliation. We affirm.[1]

---

[1] In light of our disposition, we dismiss all pending motions as moot.

## I.  BACKGROUND

In late December 2012, Helen Chappell approached her friend, Joshua Jones, and said that she had friends that wanted to borrow Jones's truck.  Jones agreed to allow Chappell's friends to borrow his truck.  On December 28, 2012, Officer James Austin Luckie, formerly an investigator with the Hood County Sheriff's Office, received "a complaint from an individual who said he had some scrap metal stolen from his property and he had some pictures or video footage of the suspects that committed the theft."  After reviewing this footage, police were able to identify Jones's truck as the vehicle used in the theft.  And thereafter, Christian and Michael Herrera, both friends of Chappell, were identified as the individuals who borrowed Jones's truck and the perpetrators in the theft of the scrap metal.

On December 30, 2012, Officer Jeff Hightower of the Bosque County Sheriff's Office received a complaint filed by Jones, wherein Jones alleged that he had been assaulted by Christian and Herrera.  Specifically, Jones asserted that he had been punched and choked by Christian and that Christian and Herrera demanded to know what information Jones had told Luckie.  According to Hightower, at the time of the complaint, Jones had an abrasion on the left side of his head, near his temple; a small cut on his eyelid; and his right eye was swollen.

At trial, Jones recounted that Christian also "tackled me onto the bed, then pushed my head against the bed and he started—he started saying what did you tell the cops, what did you tell the cops."  Jones also testified that Christian threatened to kill him.  Fearful for his life, Jones told Christian that he had not said anything to police

about the scrap-metal theft. A few days later, Christian and Herrera confronted Jones again. Jones stated that Christian and Herrera pinned Jones against the truck and said "we're going to find out what you did, we're going to find out what you said, and we're going to, you know, take care of you." And finally, Jones noted that:

> We was [sic] at a friend's house—or I was at a friend's house, and they [Christian and Herrera] had pulled up. They come [sic] in the living room and first—I can't remember if it was Brent or Matthew [sic], one of them— one of them punched me in the face, then the other one punched me in the face. And Matthew [sic] grabbed me, acted like he was about to—said I am fixing to tie you up in the chair, I'm going to tie you up in the chair, tried to push the chair over towards me, fixing to get ready to tie me up. And my friend stopped him, you know, told him to stop.

Christian was eventually arrested and charged by indictment with retaliating against Jones, "a prospective witness or a person who had reported the occurrence of a crime." *See id.* Included in the indictment was an enhancement allegation referencing Christian's prior felony conviction for burglary of a habitation.

At the conclusion of the evidence, the jury found Christian guilty of retaliation. Christian pleaded "true" to the enhancement allegation contained in the indictment, and the jury assessed punishment at twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $5,000 fine. Christian filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    THE JURY CHARGE

In his sole issue, Christian argues that the trial court did not properly tailor the instructions and definitions in the jury charge with regard to the culpable mental states.

Specifically, Christian contends that the trial court improperly included "nature of conduct" instructions, even though retaliation is a "result of conduct" offense.

**A.    Standard of Review**

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Christian admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686, S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**B.      Discussion**

The culpable mental states in the penal code encompass three possible conduct elements that may be involved in an offense:  (1) nature of the conduct; (2) result of the conduct; and (3) circumstances surrounding the conduct.  TEX. PENAL CODE ANN. § 6.03 (West 2011); *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).   In other words, some crimes are defined in terms of result and some are defined in terms of conduct or circumstances.  When an offense is specifically delineated as to the type of conduct, the trial court should limit the statutory definitions in the jury charge to the culpable mental state required.  *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); *Murray v. State*, 804 S.W.2d 279, 281 (Tex. App.—Fort Worth 1991, pet. ref'd).  Appellant alleges that the definitions of the applicable culpable mental states— intentionally and knowingly—were erroneous because they impermissibly indicated that retaliation is nature-of-conduct oriented, as opposed to solely result oriented.

Section 36.06(a)(1)(B) of the Texas Penal Code provides that:

> A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act . . . in retaliation for or on account of the service or status of another as a . . . person who has reported or who the actor knows intends to report the occurrence of a crime . . . .

TEX. PENAL CODE ANN. § 36.06(a)(1)(B).  A central purpose of the retaliation statute is to encourage a specified class of citizens to perform vital public duties without fear of retribution.  *See Cada v. State*, 334 S.W.3d 766, 771 (Tex. Crim. App. 2011); *see also Doyle v. State*, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983).  Furthermore, Texas courts have held that retaliation is a result-oriented offense.  *See Wilkins v. State*, 279 S.W.3d 701, 704

(Tex. App.—Amarillo 2007, no pet.) (citing *In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.); *Herrera v. State*, 915 S.W.2d 94, 97 (Tex. App.—San Antonio 1996, no writ)).

The indictment in this case alleged that Christian "did then and there intentionally or knowingly harm . . . Joshua Jones, by an unlawful act, . . . assault, in retaliation for or on account of the service of Joshua Jones as a prospective witness or a person who had reported the occurrence of a crime." With respect to the culpable mental states, the abstract portion of the charge provided the following, in pertinent part:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to the result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

However, the application portion of the jury charge stated:

> Now, if you find from the evidence beyond a reasonable doubt that on or about December 29, 2012, in Bosque County, Texas, the defendant, Brent Lynn Christian, did intentionally or knowingly harm another, to-wit: Joshua Jones, by an unlawful act, to-wit: assault, in retaliation for or on account of the service of Joshua Jones as a prospective witness or a person who had reported the occurrence of a crime, then you will find the defendant guilty of the offense of retaliation as charged in the indictment.

"Intentionally or knowingly" in the application portion of the jury charge only applied to the result of Christian's conduct—the harm imposed on Jones. The language

contained in the application portion of the charge did not apply to any other conduct or the nature of the conduct and tracked the allegation made in the indictment.

The Court of Criminal Appeals has held that "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) (holding that the inclusion of a merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs). Abstract statements of the law that go beyond the allegations in the indictment will not present reversible error when the trial court's application of the law to the facts effectively restricts the jury's deliberation to the allegations in the indictment. *Grady v. State*, 614 S.W.2d 830, 831 (Tex. Crim. App. 1981).

Assuming, without deciding, that the abstract portion of the charge contained error, we cannot conclude that the purported error was egregious because the application paragraph correctly limited the culpable mental states as charged in the indictment.[2] *See Medina*, 7 S.W.3d at 640; *Plata*, 926 S.W.2d at 302-03; *Grady*, 614 S.W.2d at 831; *Herrera*, 915 S.W.2d at 98; *see also McGown v. State*, No. 10-12-00092-CR, 2013 Tex.

---

[2] Moreover, in his brief, Christian admits that the "State's evidence was fairly convincing, so this factor likely weighs against a finding of egregious harm" and "[t]he argument of the parties did not focus on culpable mental states, so the argument has little bearing on the harmfulness of the charge error." These statements are supported by the record. Therefore, considering the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole, we cannot say that the purported error in the jury charge egregiously harmed Christian. *See Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

App. LEXIS 12115, at **17-20 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication). As such, any error in the abstract portion of the charge was not calculated to injure Christian's rights or deprive him of a fair and impartial trial. *See Almanza*, 686, S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. Accordingly, we overrule Christian's sole issue on appeal.

### III.  CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 25, 2014
Do not publish
[CR25]

