

# IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00365-CR

**COREY DESHUNDON HENDERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D38895-CR**

## MEMORANDUM OPINION

In one issue, appellant, Corey Deshundon Henderson, challenges his conviction

for continuous trafficking of persons for which he received a ninety-nine-year sentence.

*See* TEX. PENAL CODE ANN. § 20A.03.[1]  We affirm.

---

[1] Section 20A.03 of the Texas Penal Code states that:  "A person commits an offense if, during a period that is 30 or more days in duration, the person engages two or more times in conduct that constitutes an offense under Section 20A.02 against one or more victims."  TEX. PENAL CODE ANN. § 20A.03.  Section 20A.02 of the Texas Penal Code outlines numerous ways a person commits the offense of trafficking of persons.  *See id.* § 20A.02.

**The Jury Charge**

In his sole issue on appeal, Henderson contends that he was egregiously harmed by the jury charge's expansion of the scope of criminal liability for conduct outside the time period alleged in the indictment. We disagree.

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by proper objection, a reversal will be granted only if the error presents egregious harm, meaning Henderson did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, Henderson must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Henderson admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is

egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

In the indictment, the State alleged that Henderson:

. . . during a period that was thirty (30) or more days in duration, to wit: from on or about the 1st day of March, 2017, through the 29th day of January 2018, engaged two or more times in conduct that constitutes an offense under Section 20A.02 –Trafficking of Persons, against one or more victims, namely:

1. the defendant did knowingly traffic [H.O.], a child younger than 18 years of age, and by any means caused [H.O.] to engage in or become the victim of conduct prohibited by Section 43.05—Compelling Prostitution;

2. the defendant did knowingly receive a benefit from participating in a venture that involved trafficking [H.O.], a child younger than 18 years of age, and by any means caused [H.O.] to engaged in or become the victim of conduct prohibited by Section 43.05—Compelling Prostitution;

3. the defendant did knowingly traffic [H.D.], and through force, fraud, or coercion caused [H.D.] to engage in conduct prohibited by Section 43.02—Prostitution;

4. the defendant did knowingly receive a benefit from participating in a venture that involved trafficking [H.D.], and through force, fraud, or coercion caused [H.D.] to engage in conduct prohibited by Section 43.02—Prostitution . . . .

*See* TEX. PENAL CODE ANN. §§ 20A.02, 20A.03.

However, the charge in the abstract portion instructed the jurors that they could convict Henderson based on any acts, regardless of whether they comported with the date range alleged in the indictment:

Under the law, the term 'on or about' means any date prior to the filing of the Indictment.

You are instructed that the time of the offense mentioned must be some date anterior to the presentment of the indictment and prior to the expiration of the statute of limitations. A prosecution for the offense of Trafficking of Persons under Section 20A.02(a)(7) or (8) may be brought any time after the commission of the offense. A prosecution for the offense of Trafficking of Persons under Section 20A.02(a)(3) or (4) may be brought any time up to ten years from the date of commission of the offense. The indictment in this case was presented to the grand jury on December 20, 2018.

Nevertheless, the application portion of the jury charge properly limited the jury's consideration to offenses occurring during the date range set forth in the indictment:

Now, if you find from the evidence beyond a reasonable doubt, that Corey Henderson . . . did then and there in Navarro County, Texas, during a period that was thirty (30) or more days in duration, from on or about the 1st day of March, 2017, through the 29th day of January, 2018, engage two or more times in conduct that constitutes an offense under Section 20A.02- Trafficking of Persons, against one or more victims . . . .

The Court of Criminal Appeals has held that "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) (holding that the inclusion of a merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability

to implement fairly and accurately the commands of the application paragraph or paragraphs). Abstract statements of law that go beyond the allegations in the indictment will not present reversible error when the trial court's application of the law to the facts effectively restricts the jury's deliberation to the allegations in the indictment. *Grady v. State*, 614 S.W.2d 830, 831 (Tex. Crim. App. 1981).

Therefore, assuming without deciding that the abstract portion of the charge contained error, we cannot conclude that the purported error was egregious because the application paragraph correctly limited the "on or about" dates to those alleged in the indictment—March 1, 2017 through January 29, 2018. *See Medina*, 7 S.W.3d at 640; *Plata*, 926 S.W.2d at 302-03; *Grady*, 614 S.W.2d at 831; *see also Kuhn v. State*, 393 S.W.3d 519, 524, 529 (Tex. App.—Austin 2013, pet. ref'd) ("Texas courts have repeatedly held that where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that any error in the abstract portion of the charge was egregious" (citations omitted)).

Regarding the remaining *Olivas* factors, as Henderson admits in his brief, the evidence is sufficient to support his conviction for continuous trafficking of persons under section 20A.03 of the Texas Penal Code. Moreover, Henderson acknowledges that there are no other relevant factors present in the record. Further, during closing, the State noted that "your requirement is to unanimously agree that during that period of 30 days

of [sic] more he [Henderson] engaged in two or more instances of trafficking." The State then briefly mentioned that the jury did not:

> have to agree on the dates that it occurred. Some of you may say okay I'm going to take these dates here. Some may say these here. A bit of each. But it doesn't matter as long as each of you believes beyond a reasonable doubt that it occurred two or more times over a span of 30 days or more.

The State did not mention that the jury could consider conduct that occurred outside the date range provided in the indictment and charge. We therefore cannot conclude that any of the *Olivas* factors weigh in favor of a finding of egregious harm. *See Olivas*, 202 S.W.3d at 144.

Based on the foregoing, we conclude that any error in the abstract portion of the charge was not calculated to injure Henderson's rights or deprive him of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. We overrule Henderson's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Rose[2]

Affirmed

Opinion delivered and filed September 15, 2021

Do not publish

[CRPM]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.