Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



TRISHA UNDERWOOD,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00061-CR

Appeal from the

County Court at Law

of Ector County, Texas

(TC# 02-1655)




O P I N I O N
           This is an appeal from a jury conviction for the offense of public lewdness. The jury
assessed punishment at a twenty dollar fine. On December 4, 2003, this Court entered a
judgment reversing Appellant’s conviction. This Court found that the evidence was legally
insufficient and rendered a judgment of acquittal. Underwood v. State, No. 08-03-00061-CR,
2003 WL 22870865, at * 1 (Tex. App.--El Paso December 4, 2003) (not designated for
publication), reversed, No. 166-04, 2005 WL 77135, at *3 (Tex. Crim. App. November 10,
2004) (not designated for publication). On November 10, 2004, the Court of Criminal
Appeals reversed the judgment of this Court, and remanded the cause for consideration of
Appellant’s remaining points on appeal. Underwood v. State, No. 166-04, 2005 WL 77135,
at *3 (Tex. Crim. App. November 10, 2004) (not designated for publication).
I. SUMMARY OF THE EVIDENCE
           The Court of Criminal Appeals summarized the evidence as follows:
The State alleged that the Appellant committed the offense of public
lewdness by “knowingly engag[ing] in an act of sexual contact by touching the
genitals of J. Medrano, with the intent to arouse and gratify the sexual desire
of J. Medrano in a public place, to wit: Playmates,” on or about April 11,
2002.
In a trial by jury, the State produced evidence that, on the date alleged,
four Odessa police officers went to “Playmates.” It was a place of business
that the supervising officer called “an adult cabaret” or “topless bar.” Officer
Jordan Medrano testified that he knew “topless dancing” went on there. The
Appellant, in her counsel’s words, was “a dancer in a topless bar.”
The officers were men in plain clothes. Each was charged a cover
charge of ten dollars when he entered Playmates. They sat at tables, bought
and drank alcoholic beverages, watched women dancing on the stage, and gave
tips to some of the dancers. Each officer paid for one or more “lap dances” or
“table dances,” which are private dances at a table or couch where a customer
is sitting. The Appellant was the only dancer who was charged with public
lewdness.
Officer Medrano testified that he asked the Appellant for a table dance,
and paid her twenty dollars. She took him from his table to a “couch seat,”
which was “a large square seat. More of a long chair [than a couch].” The
officer testified that “she removed her dress.” No one testified what, if
anything, the Appellant wore after she removed her dress, except to say that
she was not one of the dancers who “leave their lingerie on” when they remove
their dresses to do table dances.
Medrano was clothed during the dance. He testified, “She began her
dance in front of me. And she was dancing, at which time she then got
between my legs and started rubbing my genitals with her legs.” She touched
his “genital area” with her knee and thigh.
The Appellant (in her counsel’s words) “turn[ed] and show[ed] her
backside to [Medrano] during the dance.” Medrano said, “She sat in my lap,
and . . . her buttocks touched my genitals.” Asked on cross-examination, “And
did she sit down in your lap?” Medrano answered, “She sat down on my
genital area.”
Medrano testified he “was kind of shocked at first” when the Appellant
did that to him. When he was asked if his reaction changed into anything else,
he said it did not. He wrote in his report that he was “stunned and alarmed”
when the Appellant touched his genital area.
Another officer testified that, looking from his table to the couch area in the
“fairly dimly lit” establishment, he saw “Officer Medrano seated at-kind of in a chair,
seated back like this with his hands out to the side away from his body. And I
observed Mrs. Underwood sitting on his lap.” The jury found the Appellant guilty of
public lewdness.

           Id. at *1-2.

II. DISCUSSION
           In Issue No. Two, Appellant asserts that the evidence is factually insufficient to
support the conviction. Specifically, Appellant argues that the evidence was factually
insufficient to support the conviction in that the State failed to demonstrate that she intended
to arouse or gratify the sexual desire of Detective Medrano. In conducting a factual
sufficiency review, we view the evidence in a neutral light to determine whether a jury was
rationally justified in finding guilt beyond a reasonable doubt. We set aside the fact finder’s
verdict only if (1) the evidence supporting the verdict, when considered by itself, is too weak
to support the finding of guilt beyond a reasonable doubt; or (2) evidence contrary to the
verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been
met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). However, our
factual sufficiency review must be appropriately deferential so as to avoid substituting our
judgment for that of the fact finder. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996). Accordingly, we are authorized to set aside the jury’s finding of fact only in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates bias. Id. at 135. 
If the evidence is factually insufficient, we remand to the trial court for a new trial. Id. at
133-35.
           The requisite specific intent to arouse or gratify the sexual desire of a person can be
inferred from conduct, remarks or all the surrounding circumstances. McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. 1981). An oral expression of intent is not required. C.F.
v. State, 897 S.W.2d 464, 472 (Tex. App.--El Paso 1995, no pet.). The conduct alone is
sufficient to infer intent. Id. In the present case, the conduct occurred in an adult
entertainment establishment featuring topless dancers. Appellant performed the dance in
question after obtaining a payment of twenty dollars. She then touched the complainant’s
genitals with her leg and buttocks. We find that the evidence is factually sufficient to support
the conviction. Issue No. Two is overruled.
           In Issue No. Three, Appellant maintains that the court erred in overruling her motion
for mistrial due to improper jury argument. During the prosecutor’s closing argument at the
guilt-innocence stage of trial, the following exchange occurred:
STATE:And if you listened to that officer and judge his demeanor and
what he said and compare it to the evidence that was heard--that
was propounded by the other witnesses, there is no reason to
think that he is lying to you. Why would we be here if there
weren’t a crime committed?
 
DEFENSE:Objection, Your Honor. That invades the province of the jury. 
It’s improper argument.
 
COURT:Sustained.
 
DEFENSE:May the jury be instructed to disregard?
 
COURT:The jury will be instructed to disregard the last statement.
 
DEFENSE: I am afraid I am forced to ask for a mistrial, Your Honor.
 
COURT:Denied.

           The four areas of permissible jury argument are (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) response to argument of opposing counsel; and
(4) pleas to law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991),
cert. denied, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). Reversible error
results from improper jury argument only where, when examined in light of the entire record,
the argument is extreme, manifestly improper, injects new and harmful facts into the case,
or violates a mandatory statutory provision. Hernandez v. State, 819 S.W.2d 806, 820 (Tex.
Crim. App. 1991), cert. denied, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). An
instruction to the jury to disregard an improper jury argument is generally sufficient to cure
error. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995), cert. denied, 516 U.S.
832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). Further, any injury from improper jury argument
is obviated when the court instructs the jury to disregard, unless the remark is so
inflammatory that its prejudicial effect cannot reasonably be removed by such an
admonishment. Bower v. State, 769 S.W.2d 887, 907 (Tex. Crim. App. 1989), overruled on
other grounds, Heitman v. State, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991); see also
Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); Jackson v. State, 745 S.W.2d
4, 15 (Tex. Crim. App. 1988). Only in the most blatant examples will an instruction to
disregard fail to cure any error. Dinkins, 894 S.W.2d at 356.
           On appeal, Appellant maintains that the argument was improper because, when the
prosecutor asked, “Why would we be here if there weren’t a crime committed?” he was
inviting the jury to ignore the presumption that Appellant was innocent until the State had
proven her guilty beyond a reasonable doubt. Initially, we note that the objection on appeal
does not comport with the objection at trial and, thus, nothing is presented for review. Miller
v. State, 566 S.W.2d 614, 619 (Tex. Crim. App. 1978); see also Bell v. State, 938 S.W.2d 35,
54-55 (Tex. Crim. App. 1996) (en banc) (per curiam); Barley v. State, 906 S.W.2d 27, 37
(Tex. Crim. App. 1995) (en banc); Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App.
1990) (en banc); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (en banc). 
Appellant did not present his appellate complaint to the trial court and has forfeited our
review. Tex. R. App. P. 33.1(a)(1)(A); see generally Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004). Issue No. Three is overruled.
           In Issue No. Four, Appellant argues that the court erred by denying Appellant’s
objection in the charge to the jury regarding the definition of reasonable doubt. In the court’s
charge to the jury at the guilt-innocence stage of trial, the jury was instructed:
All persons are presumed to be innocent and no person may be
convicted of an offense unless each element of the offense is proved beyond
a reasonable doubt. The fact that a person has been arrested, confined, or
indicted for, or otherwise charged with, the offense gives rise to no inference
of guilt at his trial. The law does not require a defendant to prove his
innocence or produce any evidence at all. The presumption of innocence alone
is sufficient to acquit the defendant, unless the jurors are satisfied beyond a
reasonable doubt of the defendant’s guilt after careful and impartial
consideration of all of the evidence in the case.
The prosecution has the burden of proving the defendant guilty, and it
must do so by proving each and every element of the offense charged beyond
a reasonable doubt, and if it fails to do so, you must acquit the defendant.
It is not required that the prosecution prove guilt beyond all possible
doubt; it is required that the prosecution’s proof excludes all “reasonable
doubt” concerning the defendant’s guilt.

           Appellant objected to the last above-quoted paragraph in that it violated the holding
of Paulson v. State by giving a definition of reasonable doubt. In Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals adopted a definitional
instruction for “reasonable doubt” and required that the instruction be submitted to the jury
in all criminal cases. See Colbert v. State, 108 S.W.3d 316, 318 (Tex. Crim. App. 2003). 
The court subsequently overruled Geesa’s requirement for the trial court to instruct the jury
on the definition of reasonable doubt in Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim.
App. 2000). The court concluded in Paulson that the Geesa definition was confusing and
logically flawed. Paulson, 28 S.W.3d at 573.
           With regard to the exact contention Appellant makes on appeal, we have previously
held that it is not error for the trial court to submit such an instruction, noting that it is not a
definition of “reasonable doubt.” Torres v. State, 116 S.W.3d 208, 212 (Tex. App.--El Paso
2003, no pet.). We overrule Issue No. Four.
           In Issue No. Five, Appellant asserts that the court erred by denying his objection to
the charge to the jury regarding the definitions of the terms intentionally and knowingly. The
court’s charge to the jury at the guilt-innocence stage of trial read:
A person acts knowingly, or with knowledge, with respect to the nature
of his conduct or to circumstances surrounding his conduct when he is aware
of the nature of his conduct or that the circumstances exist. A person acts
knowingly, or with knowledge, with respect to a result of his conduct when he
is aware that his conduct is reasonably certain to cause the result.
A person acts intentionally, or with intent, with respect to the nature of
his conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result. 
 
           Appellant objected to the instructions on the ground that public lewdness is a result-

oriented offense and the above-quoted instructions should be limited to result of conduct
language.
           We are unable to find any case law indicating which type of conduct constitutes the
offense of public lewdness. However, we find a comparison to the offense of indecency with
a child to be instructive. The elements of indecency with a child by sexual contact are set
forth in Section 21.11 of the Texas Penal Code:
(a) A person commits an offense if, with a child younger than 17 years and not
the person’s spouse, whether the child is of the same or opposite sex, the
person:
(1) engages in sexual contact with the child . . . .

Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003).
           The Penal Code defines sexual contact to mean any touching of the anus, breast, or
any part of the genitals of another person with intent to arouse or gratify the sexual desire of
any person. Tex. Penal Code Ann. § 21.01(2) (Vernon 2003).
           The Texas Penal Code provision proscribing public lewdness reads in relevant part:
(a) A person commits an offense if he knowingly engages in any of the
following acts in a public place or, if not in a public place, he is reckless about
whether another is present who will be offended or alarmed by his:
. . .
(3) act of sexual contact; . . . .

Tex. Penal Code Ann. § 21.07(a)(3) (Vernon 2003).




           We find that the two offenses are analogous with regard to determining what type of
conduct is involved. There are three “conduct elements” that can be involved in an offense:
(1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances
surrounding the conduct. McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). 
An offense may contain one or more of these “conduct elements,” which alone or in
combination form the overall behavior that the legislature intended to criminalize, and it is
those “conduct elements” to which a culpable mental state must apply. Id. A court errs in
failing to limit the definitions to the conduct element or elements of the offense to which they
apply. See Patrick v. State, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995), cert. denied, 517
U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). If an offense is a “result-oriented”
offense, the charge should contain statutory definitions of “intentionally” or “knowingly” that
are limited to the specific conduct element required for the offense. Skillern v. State, 890
S.W.2d 849, 869 (Tex. App.--Austin 1994, pet. ref’d).
           However, this Court has determined that indecency with a child is a “nature of the
conduct” offense. Washington v. State, 930 S.W.2d 695, 699 (Tex. App.--El Paso 1996, no
pet.); Caballero v. State, 927 S.W.2d 128, 131 (Tex. App.--El Paso 1996, pet. ref’d).
           We find that by analogy, the offense of public lewdness is a nature of conduct offense. 
Appellant’s objection to the charge was erroneous. Even if the definitions should have been
restricted to nature of conduct language, it was not error. In Washington, this Court
determined that the giving of the full statutory definition as in this instance was not error
under the charge as a whole, because the application paragraph correctly required the jury
to find that defendant engaged in sexual contact by touching the victim’s penis with the intent
to arouse or gratify the defendant’s sexual desire. Accordingly, the jury could not have found
the defendant guilty simply because he had a conscious objective or desire to touch the
victim’s penis, or on the basis that he intended some result other than sexual gratification. 
Washington, 930 S.W.2d at 700. We find the same situation in the present case and we find
no error in the jury charge. Issue No. Five is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

October 13, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)