COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALWAN ABDULLAH MUHAMMAD, | § | No. 08-06-00182-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 210th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 970D10804) |
| | § | |

**O P I N I O N**

Alwan Muhammad plead guilty to murder. A jury sentenced him to life imprisonment and a fine of $10,000. His single issue contends the trial court erred in overruling his objection to improper argument during the punishment phase.

Appellant plead guilty to the November 5, 1997 murder of Nereida Flores.[1] He elected to be sentenced by the jury. The jury charge included an instruction and question on Appellant's "sudden passion" defense, which the jury answered in the negative.

During the prosecutor's closing argument, the following exchange took place:

State's Counsel:     The next thing I'd like to do is direct your attention to the second page of the jury charge where it talks about the issue of sudden passion. And that is something the defense will have you believe applies in this case.

---

[1] This is Appellant's second appeal in this case. A detailed description of the facts surrounding Ms. Flores' death can be found in this Court's opinion in the prior appeal. *See Muhammad v. State*, 46 S.W.3d 493, 497-98 (Tex.App.--El Paso 2001, no pet.).

And I would submit to you that, what is the starting point of sudden passion? The starting point is there is no sudden passion. He murdered her. That's where we begin. He murdered her. Now, in order for there to be sudden passion you have to believe that the defense has put on evidence, beyond a preponderance of the evidence, that this man caused the death under the immediate influence of sudden passion.

We're not talking about stuff that happened in July or stuff that happened in October or even stuff that may have happened the night before, we're talking about an immediate influence on this defendant --

Defense Counsel: Objection, Your Honor. That goes contrary to the charge. The charge on the law says that the sudden passion is not solely the result of former provocation but does not exclude former acts.

The Court: I'll overrule.

State's Counsel: Exactly, it's just the opposite of what this defense attorney just said. It's not solely the result of former provocation --

Defense Counsel: Objection. It's a misstatement of the law.

The Court: The charge has the law. They can make reasonable inferences on the evidence.

Defense Counsel: May I have a ruling in the objection, Your Honor?

The Court: It's overruled.

State's Counsel: I would simply submit to you that you heard the evidence in this case. This defendant planned this out, had been telling people what he was going to do, had been thinking about it for at least a week, bought the gun weeks before.

This wasn't something that just happened that morning. This was not an act of sudden passion, this was a

-2-

> planned deliberate murder. Cold-blooded murder. So I submit to you that the sudden passion simply does not apply in this case and as far as the special issue on page 3, the correct answer to that is: We do not, we do not find this defendant was acting under the influence of sudden passion.

Appellant argues that the prosecutor's statement prior to defense counsel's first objection constituted improper argument because it was a misstatement of the law regarding Appellant's sudden passion defense. He contends that the argument precluded the jury from considering events which took place between Appellant and Ms. Flores before the day of the murder. Appellant concludes by arguing this limitation is contrary to Texas law and deprived him of a fair trial on the issue.

There are four areas of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) pleas to law enforcement. *Underwood v. State*, 176 S.W.3d 635, 639 (Tex.App.--El Paso 2005, pet. ref'd). Jury argument will only constitute reversible error where, when examined in light of the entire record, the argument is extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision. *Id*.

A defendant convicted of murder may raise a "sudden passion" defense at the punishment phase of trial. *See* TEX.PENAL CODE ANN. § 19.02(2)(d)(Vernon 2003). If the defendant proves that he caused the victim's death under the immediate influence of sudden passion arising from an adequate case by a preponderance of the evidence, the offense will be limited to a second degree felony. TEX.PENAL CODE ANN. § 19.02(2)(d). The jury was instructed by similar language in the court's charge.

A prosecutor may summarize the evidence during argument and make reasonable deductions based on that evidence. *See Felder v. State*, 848 S.W.2d 85, 95 (Tex.Crim.App. 1992). The argument here constituted a reasonable deduction based on the facts in the record. The evidence showed that Appellant took numerous actions prior to shooting Ms. Flores which were inconsistent with his assertion that he shot Ms. Flores under the immediate influence of a sudden passion. Accordingly, it was within the bounds of proper argument for the State's attorney to raise those facts in his presentation to the jury, and infer that Ms. Flores was killed as the result of a planned murder, not a sudden passion. *See id*. Therefore, the trial court did not err in overruling Appellant's objection and Appellant's sole issue is overruled.

We affirm the judgment of the trial court.

May 8, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)