COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ALWAN ABDULLAH MUHAMMAD,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00182-CR



Appeal from the


210th Judicial District Court


of El Paso County, Texas 


(TC# 970D10804) 



O P I N I O N


 Alwan Muhammad plead guilty to murder. A jury sentenced him to life imprisonment
and a fine of $10,000. His single issue contends the trial court erred in overruling his objection
to improper argument during the punishment phase.

 Appellant plead guilty to the November 5, 1997 murder of Nereida Flores. (1) He elected to
be sentenced by the jury. The jury charge included an instruction and question on Appellant's
"sudden passion" defense, which the jury answered in the negative.

 During the prosecutor's closing argument, the following exchange took place:

 State's Counsel: The next thing I'd like to do is direct your
attention to the second page of the jury
charge where it talks about the issue of
sudden passion. And that is something the
defense will have you believe applies in this
case.

 And I would submit to you that, what is the starting
point of sudden passion? The starting point is there is no
sudden passion. He murdered her. That's where we begin.
He murdered her. Now, in order for there to be sudden
passion you have to believe that the defense has put on
evidence, beyond a preponderance of the evidence, that this
man caused the death under the immediate influence of
sudden passion.

 We're not talking about stuff that happened in July
or stuff that happened in October or even stuff that may
have happened the night before, we're talking about an
immediate influence on this defendant --


 Defense Counsel: Objection, Your Honor. That goes contrary
to the charge. The charge on the law says
that the sudden passion is not solely the
result of former provocation but does not
exclude former acts.


 The Court: I'll overrule.


 State's Counsel: Exactly, it's just the opposite of what this
defense attorney just said. It's not solely the
result of former provocation --


 Defense Counsel: Objection. It's a misstatement of the law. 


 The Court: The charge has the law. They can make reasonable
inferences on the evidence.


 Defense Counsel: May I have a ruling in the objection, Your
Honor?


 The Court: It's overruled. 


 State's Counsel: I would simply submit to you that you heard
the evidence in this case. This defendant
planned this out, had been telling people
what he was going to do, had been thinking
about it for at least a week, bought the gun
weeks before.

 This wasn't something that just happened that
morning. This was not an act of sudden passion, this was a
planned deliberate murder. Cold-blooded murder. So I
submit to you that the sudden passion simply does not
apply in this case and as far as the special issue on page 3,
the correct answer to that is: We do not, we do not find this
defendant was acting under the influence of sudden
passion.


 Appellant argues that the prosecutor's statement prior to defense counsel's first objection
constituted improper argument because it was a misstatement of the law regarding Appellant's
sudden passion defense. He contends that the argument precluded the jury from considering
events which took place between Appellant and Ms. Flores before the day of the murder.
Appellant concludes by arguing this limitation is contrary to Texas law and deprived him of a fair
trial on the issue.

 There are four areas of permissible jury argument: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4)
pleas to law enforcement. Underwood v. State, 176 S.W.3d 635, 639 (Tex.App.--El Paso 2005,
pet. ref'd). Jury argument will only constitute reversible error where, when examined in light of
the entire record, the argument is extreme, manifestly improper, injects new and harmful facts
into the case, or violates a mandatory statutory provision. Id.

 A defendant convicted of murder may raise a "sudden passion" defense at the punishment
phase of trial. See Tex.Penal Code Ann. § 19.02(2)(d)(Vernon 2003). If the defendant proves
that he caused the victim's death under the immediate influence of sudden passion arising from
an adequate case by a preponderance of the evidence, the offense will be limited to a second
degree felony. Tex.Penal Code Ann. § 19.02(2)(d). The jury was instructed by similar
language in the court's charge.

 A prosecutor may summarize the evidence during argument and make reasonable
deductions based on that evidence. See Felder v. State, 848 S.W.2d 85, 95 (Tex.Crim.App.
1992). The argument here constituted a reasonable deduction based on the facts in the record.
The evidence showed that Appellant took numerous actions prior to shooting Ms. Flores which
were inconsistent with his assertion that he shot Ms. Flores under the immediate influence of a
sudden passion. Accordingly, it was within the bounds of proper argument for the State's
attorney to raise those facts in his presentation to the jury, and infer that Ms. Flores was killed as
the result of a planned murder, not a sudden passion. See id. Therefore, the trial court did not err
in overruling Appellant's objection and Appellant's sole issue is overruled.

 We affirm the judgment of the trial court. 




May 8, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. This is Appellant's second appeal in this case. A detailed description of the facts
surrounding Ms. Flores' death can be found in this Court's opinion in the prior appeal. See
Muhammad v. State, 46 S.W.3d 493, 497-98 (Tex.App.--El Paso 2001, no pet.).