

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HAROLD LESLIE CLARRETT, JR., | § | No. 08-12-00214-CR |
| Appellant, | § | Appeal from the |
| v. | § | 416th District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC#416-81601-2011) |
| | § | |

## **O P I N I O N**

Appellant, Harold Leslie Clarrett, Jr., appeals his convictions of sexual assault and indecency with a child. In a single issue on appeal, Appellant argues that counsel for the State made an improper statement during closing argument which affected his substantial rights. We affirm.

## **BACKGROUND**

Appellant was indicted for sexual assault of a child, indecency with a child by touching, and indecency with a child by exposure. Appellant pleaded guilty to the charges as alleged in the indictment. The trial court accepted his plea and proceeded with a jury trial on punishment. The jury sentenced Appellant to fifteen years' imprisonment on each of the five alleged counts. The

trial court entered judgment sentencing Appellant to fifteen years in the Texas Department of Criminal Justice-Institutional Division with sentences to run concurrently. This appeal followed.

## DISCUSSION

### Improper Jury Argument

In Issue One, Appellant asserts that the State improperly struck him over the shoulders of defense counsel, when the State's attorney made the following argument:

> The State: Today what you say matters because you get to send her a message. The message the Defense wants you to send to her is, "Well, she lied and she stole and she's manipulative, so her life doesn't matter all that much."
>
> But there are 12 people that are good moms and dads who know how to be good moms and dads, and you are the 12 people that get to send her a message.
>
> And your message is, what you did was right. Saying what your daddy did to you was the right thing to do.

Specifically, Appellant contends that the State's argument that "Defense Counsel believes 'her life doesn't matter all that much' constituted a clear attack on defense counsel's character, which is extreme or manifestly improper." The State counters that Appellant failed to preserve his complaint for review because he failed to object to the State's argument. Alternatively, the State argues that its argument was proper and that any error was harmless because it did not affect Appellant's substantial rights. We agree with the State that Appellant failed to preserve his complaint for review.

*Standard of Review and Applicable Law*

In general, the four proper areas of jury argument are: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex.Crim.App. 2011); *Underwood v. State*, 176 S.W.3d 635, 639 (Tex.App. – El Paso 2005, pet. ref'd). When jury

2

argument falls outside the proper areas, it will not constitute reversible error unless it is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial. *Temple v. State*, 342 S.W.3d 572, 602-03 (Tex.App. – Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex.Crim.App. 2013); *see Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008). To determine if the State made an improper jury argument, we must consider the entire argument in context, and not merely isolated sentences. *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex.App. – El Paso 2001, pet. ref'd).

The Court of Criminal Appeals has consistently held that argument that strikes at a defendant over the shoulders of defense counsel is improper. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex.Crim.App. 1995). Ordinarily, allowing improper argument is non-constitutional error that must be disregarded unless it affects the defendant's substantial rights. *See* TEX.R.APP.P. 44.2(b); *Brown*, 270 S.W.3d at 572. When an error has a substantial and injurious effect or influence on the jury's verdict an appellant's substantial rights are affected. *See Casey v. State*, 215 S.W.3d 870, 885 (Tex.Crim.App. 2007). However, in order to preserve error regarding improper jury argument, a defendant must (1) make a timely and specific objection; (2) request an instruction that the jury disregard the statement; and (3) move for a mistrial. TEX.R.APP.P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Barnes v. State*, 70 S.W.3d 294, 307-08 (Tex.App. – Fort Worth 2002, pet. ref'd). Therefore, in order for an improper jury argument error to be preserved, a party must assert a timely and specific objection to the argument and pursue the objection to an adverse ruling. *Mathis v. State*, 67 S.W.3d 918, 926-27 (Tex.Crim.App. 2002). A defendant is required to object each time an improper argument is made, or his complaint is waived, regardless of how egregious the argument. *Temple*, 342 S.W.3d at 603.

3

Appellant contends that "[a]lthough Counsel for Defense failed to object, the remarks served to affect Appellant's substantial rights, requiring a reversal." The record before us reflects that Appellant did not lodge any objections to the State's argument that Appellant now complains of on appeal. Furthermore, Appellant never requested an instruction that the jury disregard the improper statement, and he did not move for a mistrial. *See* TEX.R.APP.P. 33.1(a); *see also Cockrell*, 933 S.W.2d at 89. Because Appellant failed to object to the alleged improper jury argument, we conclude that Appellant failed to preserve any error for appeal. *See* TEX.R.APP.P. 33.1(a); *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004) (holding defendant waived complaint about improper jury argument because he failed to object at trial); *Mathis*, 67 S.W.3d at 926-27 (holding that defendant waived argument that State committed reversible error when prosecutor referred to defendant as a "despicable piece of human trash" because defendant did not object and request a mistrial); *see also Underwood*, 176 S.W.3d at 640 (concluding that appellant forfeited his improper argument complaint because he did not present it to the trial court).

Even assuming there was no waiver, the result would not change, as reversible error is shown only if the defendant's substantial rights have been affected. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998). In determining whether a defendant's substantial rights were affected by closing argument, we consider the following three factors: (1) severity of the misconduct; (2) curative measures; and (3) the certainty of the conviction absent the misconduct. *Id*. Applying the three *Mosley* factors, we conclude that any error, if any, was harmless because it did not affect Appellant's substantial rights. First, the level of misconduct, if any, was trivial. The State's remark did not inject any new facts into the record. The State's remark was a summation of or reasonable deduction from the evidence, and a response to Appellant's

4

characterization of the character of S.C., the victim.[1]   Second, there was no curative action taken by the trial court, but that is because no objection was lodged and no curative instruction was requested by Appellant.   Finally, the certainty of conviction absent misconduct factor weighs heavily in the State's favor.   At punishment, S.C. testified in detail about being sexually assaulted by Appellant, her father.   Appellant's video-recorded confession which corroborated the victim's testimony regarding the sexual assaults was played for the jury and admitted into evidence.   The State corroborated Appellant's confession through other witness testimony.   Accordingly, we conclude that Appellant's substantial rights were not affected because the State's remark had little or no injurious effect or influence on the jury's verdict on punishment.   *See Casey*, 215 S.W.3d at 885.   Additionally, based on the evidence presented, it is likely that the jury would have assessed the same punishment absent the State's remark.   *See Archie v. State*, 221 S.W.3d 695, 700 (Tex.Crim.App. 2007).   Issue One is overruled.

**CONCLUSION**

We affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

February 12, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[1] Appellant's defensive theory sought to depict S.C. as being traumatized, a liar, and a thief.   During punishment, Appellant also portrayed S.C. as being damaged, manipulative, a troubled child, and the daughter of a prostitute.