

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00076-CR

**PAUL DARVIN MCDANIEL,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. F072-18

## MEMORANDUM  OPINION

In two issues, appellant, Paul Darvin McDaniel, challenges his conviction for

continuous sexual abuse of a young child.  *See* TEX. PENAL CODE ANN. § 21.02 (West 2019).

We affirm.[1]

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case.  *See* TEX. R. APP. P. 47.1, 47.4.

## I.    FACTUAL SUFFICIENCY OF THE EVIDENCE

In his first issue, McDaniel asserts that the evidence is factually insufficient to prove that the last incident of sexual abuse transpired the way that the child victim, L.J., described.    McDaniel contends that this rendered the entirety of L.J.'s testimony unreliable and weak as to undermine confidence in the jury's verdict.

The Court of Criminal Appeals has determined that factual sufficiency no longer applies in criminal cases.  *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010) (concluding that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable" and holding the following:  "As the Court with final appellate jurisdiction in this State, we decide that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.  All other cases to the contrary, including *Clewis*, are overruled."); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (adopting the *Brooks* plurality as a unanimous majority view); *see also Garcia v. State*, No. 10-16-00045-CR, 2017 Tex. App. LEXIS 195, at **5-6 (Tex. App.—Waco Jan. 11, 2017, pet. ref'd) (mem. op., not designated for publication).  As an intermediate appellate court, we are required to follow binding precedent in cases decided by the Court of Criminal Appeals.  *See State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) ("As an

intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals"), *aff'd sub nom.*, *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007).

McDaniel does not argue that the evidence regarding the last incident of sexual abuse was legally insufficient, thus conceding that the evidence is sufficient under the *Jackson v. Virginia* standard of review. *See Garcia*, 2017 Tex. App. LEXIS 195, at *6 (citing *Sanders v. State*, No. 10-14-00211-CR, 2015 Tex. App. LEXIS 4704, at *2 (Tex. App.—Waco May 7, 2015, pet. ref'd) ("By asking this Court to only review the factual sufficiency of the evidence, Sanders concedes the evidence is sufficient under the *Jackson* standard of review.")). Accordingly, we overrule McDaniel's first issue.

## II.    THE JURY CHARGE

In his second issue, McDaniel argues that the trial court failed to limit or tailor the definitions of the culpable mental states to the applicable elements of the offense of continuous sexual abuse of a child. As a result of these errors, McDaniel contends that he suffered egregious harm.

### A.    Standard of Review

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly

preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning McDaniel did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, McDaniel must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

McDaniel admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**B.    Discussion**

The culpable mental states in the penal code encompass three possible conduct elements that may be involved in an offense: (1) nature of the conduct; (2) result of the conduct; and (3) circumstances surrounding the conduct. TEX. PENAL CODE ANN. § 6.03 (West 2011); *see McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). When an

offense is specifically delineated as to the type of conduct, the trial court should limit the statutory definitions in the jury charge to the culpable mental state required. *See Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015); *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).

In the instant case, McDaniel was charged by indictment with continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02. As alleged in the indictment, the underlying offenses for continuous sexual abuse of a young child were aggravated sexual assault of a child and indecency with a child by contact. *See id.* §§ 21.11(a)(1), 22.021 (West 2019). McDaniel argues that the culpable mental states for both of the underlying offenses apply to the nature of the actor's conduct, yet the charge improperly "defined intent and knowledge with respect to the result of conduct and circumstances surrounding conduct in addition to nature of conduct."

Both of the underlying offenses are nature-of-the-conduct offenses. *See Reed v. State*, 421 S.W.3d 24, 28-29 (Tex. App.—Waco 2013, pet. ref'd) (noting that "aggravated sexual assault is a conduct-oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct" (citing *Gonzales v. State*, 304 S.W.3d 838, 848 (Tex. Crim. App. 2010); *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999); *Garcia v. State*, No. 10-09-00162-CR, 2010 Tex. App. LEXIS 2429, at **5-6 (Tex. App.—Waco Mar. 31, 2010, no pet.) (mem. op., not designated for publication))); *see also Pizzo v. State*, 235 S.W.3d 711,

717 (Tex. Crim. App. 2007); *Underwood v. State*, 176 S.W.3d 635, 642 (Tex. App.—El Paso 2005, pet. ref'd) ("However, this Court has determined that indecency with a child is a 'nature of the conduct' offense." (citing *Washington v. State*, 930 S.W.2d 695, 699 (Tex. App.—El Paso 1996, no pet.); *Caballero v. State*, 927 S.W.2d 128, 131 (Tex. App.—El Paso 1996, pet. ref'd))).

With respect to the culpable mental states, the abstract portion of the charge provided the following, in pertinent part:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or to cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

The abstract definition for "intentionally" tracks the entirety of the language in section 6.03(a) of the Texas Penal Code, whereas the definition for "knowingly" is limited to nature-of-conduct and circumstances-surrounding-the-conduct elements. *See* TEX. PENAL CODE ANN. § 6.03(a)-(b).

Nevertheless, the application portion of the jury charge stated:

> Now if you find from the evidence beyond a reasonable doubt that on or about May 27, 2017, through August 19, 2017, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, [L.J.], did then and there by intentionally or knowingly causing the sexual organ of [L.J.], a child who was then and there younger than 14 years of age, to contact the sexual organ of the defendant, and/or by causing the anus of [L.J.] a child who was then and there younger than 14 years of age, to contact the sexual organ of the

defendant, and/or by causing the penetration of the sexual organ of [L.J.], a child who was then and there younger than 14 years of age, by a finger of the defendant, and/or did then and there with the intent to arouse or gratify the sexual desire of said defendant by touching the genitals of [L.J.], a child who was then and there younger than 14 years of age, and/or did then and there with intent to arouse or gratify the sexual desire of said defendant by causing [L.J.] to touch the genitals of the defendant, then you will find the defendant "Guilty" of continuous sexual abuse of a young child as charged in the indictment.

As shown above, "intentionally or knowingly" in the application portion of the jury charge was properly tailored to the nature of McDaniel's conduct. Furthermore, the language tracked the allegations made in the indictment.

The Court of Criminal Appeals has held that "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) (holding that the inclusion of a merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs). Abstract statements of law that go beyond the allegations in the indictment will not present reversible error when the trial court's application of the law to the facts effectively restricts the jury's deliberation to the allegations in the indictment. *Grady v. State*, 614 S.W.2d 830, 831 (Tex. Crim. App. 1981).

Therefore, assuming that the abstract portion of the charge contained error, we cannot conclude that the purported error was egregious because the application paragraph correctly limited the culpable mental states as charged in the indictment. *See Medina*, 7 S.W.3d at 640; *Plata*, 926 S.W.2d at 302-03; *Grady*, 614 S.W.2d at 831; *see also Pizzo*, 235 S.W.3d at 717; *Reed*, 421 S.W.3d at 28-29; *Underwood*, 176 S.W.3d at 642. As such, any error in the abstract portion of the charge was not calculated to injure McDaniel's rights or deprive him of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. We overrule McDaniel's second issue.

### III. CONCLUSION

Having overruled both of McDaniel's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed November 13, 2019
Do not publish
[CR25]

